## Lomax v. Goslin

*John J. McCarty,* for plaintiff.
*Alfred Sarowitz,* for defendant, Goslin.
*Timothy B. Barnard,* for defendant, borough of Lansdowne.
*Andrew J. Forbes,* for defendants, Stanton.
*William D. March,* for defendants, Mylotte.

LABRUM, *J.,* August 11, 1981 — On October 30, 1977, Alice Walker, deceased, and Jenny Walker, a minor, were passengers in an automobile driven by Francis X. Walker, husband and father, respectively of decedent and minor plaintiff. Alice Walker was killed, and Jenny Walker injured when a head-on collision occurred between the Walker vehicle and defendant Goslin's vehicle. At the time of the accident, both vehicles we traveling on West Stratford Avenue in Lansdowne, Delaware County, Pa.

The testimony at trial revealed that residents on both sides of West Stratford Avenue (defendants Stanton, Mylotte and Farrell) had been burning leaves in the street, prior to the accident, thereby limiting the visibility on the highway. Defendant Stanton was burning a pile of leaves approximately two feet out from the curb and defendant Mylotte had two piles of leaves burning located diagonally across from defendant Stanton's pile. Leaves from defendant Farrell's property had been raked by her next door neighbor, defendant Stanton, and were put into one pile being burned by Mr. Stanton. At the time of trial, defendant Borough of Lansdowne

took the position that ordinance no. 558 was in effect at the time of the accident. This ordinance will be quoted further on in this opinion.

On the first day of trial, counsel for the borough produced ordinance 912, which was enacted subsequent to ordinance 558. Section 9 of ordinance 912 contains a repealer. The trial judge ruled that ordinance 912 repealed ordinance 558 and determined that section 28.1 of ordinance 912 was the applicable provision in this lawsuit.

The case proceeded to trial and in its charge, the court stated that ordinances or regulations concerning the burning of leaves may be considered and if a violation were found it may be considered as evidence of negligence.

The jury returned its verdict finding that defendant Goslin was 70 percent liable for the accident and defendant Walker was 30 percent liable. Defendants Stanton and Mylotte were found to be not guilty of negligence. Plaintiff filed motions for new trial and these motions were dismissed by order of this court dated June 29, 1981. Plaintiff has appealed to the Superior Court.

In its motions for new trial, plaintiff contends that the court improperly construed the effect of the two Lansdowne Borough Ordinances. The first, ordinance 558, was passed on August 12, 1931 and states, in pertinent section that:

"It shall be unlawful to burn or cause to be burned any rubbish, waste materials, leaves or other accumulations upon any highway in the Borough of Lansdowne."

Subsequently, on December 19, 1972, ordinance 912 was enacted, providing, in part, that:

"No person shall kindle or maintain any bonfire or rubbish fire or authorize any such fire to be kin-

dled or maintained; provided, however, that leaf burning shall be permitted if the fire is properly supervised and so located that it does not present an unreasonable hazard to any property and is extinguished at sundown."

Ordinance 912 contains an express repealer clause which provides, in part, that:

" . . . all former Ordinances or parts thereof conflicting or inconsistent with the provision of this Ordinance or of the Fire Prevention Code as adopted with modifications by this Ordinance are hereby repealed."

The accident in question occurred on October 30, 1977, almost five years after the enactment of ordinance 912.

1 Pa.C.S.A. § 1971 provides specific guidelines for statutory construction regarding repealing statute. The section provides:

(a) Whenever a statute purports to be a revision of all statutes upon a particular subject, or sets up a general or exclusive system covering the entire subject matter of a former statute and is intended as a substitute for such former statute, such statute shall be construed to supply and therefore to repeal all former statutes upon the same subject.

(b) Whenever a general statute purports to establish a uniform and mandatory system covering a class of subjects, such statute shall be construed to supply and therefore to repeal pre-existing local or special statutes on the same class of subjects.

(c) In all other cases, a later statute shall not be construed to supply or repeal an earlier statute unless the two (2) statutes are irreconcilable."

Under any of the Subsections of section 1971, ordinance 912 operates as a full repealer of ordi-

nance 558. Under Subsection (a) ordinance 912 creates an exclusive system covering the entire subject matter of ordinance 558 with respect to the burning of any rubbish materials, including leaf burning. Under Subsection (b), ordinance 912 purports to establish a uniform and mandatory system covering rubbish burning, including leaf burning. Under Subsection (c), the two Lansdowne Borough Ordinances are irreconcilable since ordinance 912 permits leaf burning anywhere pursuant to the terms and conditions of the ordinance while ordinance 558 prohibits leaf burning in the street. After reading the two ordinances, it is simply impossible to permit both ordinances to be read together. The evidence adduced at trial indicated that the borough was fully enforcing ordinance 912 and had considered ordinance 558 to have been repealed under the repealer section of ordinance 912. This is absolutely consistent with the statutory construction of the respective ordinances.

For the foregoing reasons, this court held that ordinance 912 was the ordinance in effect at the time of this collision and so instructed the jury. Accordingly, plaintiff's motions for new trial were denied.